UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN MOMPOINT,

Petitioner,

v. Case No. 3:26-cv-2982-MMH-SJH

WARDEN, FLORIDA BAKER CORRECTIONAL CENTER, et al.,

Respondents.

---

**ORDER**

Petitioner Jonathan Mompoint, an immigration detainee, initiated this action through counsel by filing a Petition for a Writ of Habeas Corpus (Doc. 1; Petition) on October 29, 2026. See generally Petition. Mompoint, a citizen of Haiti, was temporarily detained at the border and paroled into the United States on June 7, 2017. Record of Deportable/Inadmissible Alien (Doc. 8-2; Record) at 2; Most Recent I-94 (Doc. 8-3; I-94) at 1.[1] On September 9, 2026, Mompoint was arrested by local law enforcement. Court Event Form (Doc. 8-4) at 5. One week later, on September 16, 2026, he was transferred into ICE

---

[1] While Mompoint alleges that he was granted parole in 2024, Petition at 5, the records the Federal Respondents attach to the Response reflect that he was paroled into the United States several years earlier—on June 7, 2017, Record at 2; I-94 at 1.

custody. Detention History (Doc. 8-7; Detention History) at 1.[2] As relief, he seeks, inter alia, immediate release. Petition at 15.

Mompoint argues that his continued detention violates the Immigration and Nationality Act. Doc. Id. at 8–10. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Mompoint, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Mompoint was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Mompoint's Petition for a Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond

[2] Again, Mompoint's allegations contradict ICE's records. Mompoint alleges that ICE re-detained him in August 2026, Petition at 5, but ICE's records reflect that it assumed custody of him on September 16, 2026, Detention History at 1.

hearing violates the Immigration and Nationality Act.[3] Within **seven days** of this Order, Respondents shall either afford Mompoint an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[4] If Respondents release Mompoint, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Respondent's Motion to Dismiss Warden, Florida Baker Correctional Center as an Improper Respondent (Doc. 6) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

---

[3] Because the Court finds that Mompoint is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[4] Mompoint is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "comfortable majority position" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of November, 2026.

Marcia Morales Howard

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record